```
                  UNITED STATES DISTRICT COURT           FILED
                  NORTHERN DISTRICT OF ALABAMA
                     NORTHEASTERN DIVISION           03 OCT 31 AM 11: 11

                                                      U.S. DISTRICT COURT
PAULINE K. FRANKLIN,              )                     N.D. OF ALABAMA
                                  )
      Plaintiff,                  )
                                  )
vs.                               )       Civil Action No. CV-03-S-2524-NE
                                  )
UNUM PROVIDENT CORPORATION        )
d/b/a PROVIDENT LIFE &            )
ACCIDENT INSURANCE COMPANY,       )
                                  )
      Defendant.                  )
```

## MEMORANDUM OPINION

Plaintiff brought this action on August 18, 2003, in the Circuit Court of Jackson County, Alabama.[1] Plaintiff alleges that defendant had in place a fraudulent scheme to deny benefits to its policyholders without considering the opinions of the policyholders' treating physicians, and that plaintiff became a victim of this scheme when defendant unilaterally denied her claims for disability benefits despite the recommendations of her treating physician that she was disabled.[2] Defendant removed the action to this court on September 12, 2003.[3] Defendant filed a motion to dismiss, or in the alternative, motion for a more definite statement of counts one, two, and three of plaintiff's complaint, and motion to dismiss count four of the complaint, on September 15, 2003.[4] Plaintiff filed a response to the motion on September 30, 2003, with evidentiary submissions attached.[5] Plaintiff also filed

---

[1] Doc. no. 1 (complaint), appended to Notice of Removal.
[2] *See generally id.*
[3] *Id.* (Notice of Removal).
[4] Doc. no. 3.
[5] Doc. no. 5.



an amended complaint on October 20, 2003.[6] The same exhibits attached to plaintiff's response to the motion to dismiss, or for a more definite statement, were also attached to plaintiff's amended complaint.[7] Defendant filed a motion to strike plaintiff's evidentiary submissions on October 16, 2003,[8] to which plaintiff responded on October 27, 2003.[9]

## I. MOTION TO STRIKE

Defendant contends that the evidentiary submissions attached both to plaintiff's complaint and to plaintiff's response to defendant's motion to dismiss should be stricken from the record, because they are not necessary to a decision on the motion to dismiss, and because they do not conform to the court's formatting requirements.

As an initial matter, plaintiff has contended that, "because matters outside of the pleadings will be considered by the Court in deciding Defendant's Motion to Dismiss, Defendant's Motion is, therefore, converted to Motion for Summary Judgment as provided in Rule 12(c) of the Federal Rules of Civil Procedure."[10] The court disagrees. Rule 12(b) governs the conversion of motions to dismiss to motions for summary judgment, not Rule 12(c), as plaintiff alleges. Under Rule 12(b), if matters outside the pleadings are presented to *and considered by the court* when ruling upon a Rule 12(b)(6) motion to dismiss, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent

---

[6]Doc. no. 9.
[7]*See id.*
[8]Doc. no. 10.
[9]Doc. no. 13.
[10]Doc. no. 5 (plaintiff's opposition to motion to dismiss) at 3.

to such a motion by Rule 56." Fed. R. Civ. P. 12(b); *see also, e.g., Property Management & Investments, Inc. v. Lewis*, 752 F.2d 599, 604 (11th Cir. 1985) (holding that district court "has discretion as to whether to accept material beyond the pleading that is offered in conjunction with a 12(b)(6) motion," but that once the court decides to do so, "it must convert the motion to dismiss into one for summary judgment") (citations omitted).

As more fully set forth below, the court exercises its discretion and finds that it does not need to consider plaintiff's evidentiary submissions in ruling on defendant's motion to dismiss; rather, consideration of the allegations on the face of plaintiff's complaint will suffice. Further, even if the court did need to consider the exhibits, it could do so without converting the motion to dismiss to a motion for summary judgment, because the exhibits were also appended to plaintiff's amended complaint. *See Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364, 1368 (11th Cir. 1997) (observing that 12(b)(6) motions are "limited primarily to the face of the complaint *and attachments thereto*") (emphasis supplied) (citing 5 Charles A. Wright & Arthur Miller, *Federal Practice and Procedure* § 1356, at 590-92 (1969)). Thus, the court will consider defendant's motion as a motion to dismiss, or in the alternative, motion for a more definite statement, *not* as a motion for summary judgment.

Plaintiff alleges that defendant's motion to strike is moot because plaintiff's amended complaint and response to the motion to dismiss or for a more definite statement more clearly set forth the plaintiff's fraud claims. After defendant filed its motion to dismiss, plaintiff filed her amended complaint, presumably to cure the deficiencies alleged by defendant. Plaintiff's amended complaint, however, did not state any of the facts or circumstances

regarding the defendant's alleged fraud with more particularity. In fact, the substance of plaintiff's allegations did not change at all in her amended complaint. Rather, plaintiff merely reiterated the allegations in her initial complaint and referred to several exhibits attached to the complaint, as if the exhibits themselves provided a more definite statement of plaintiff's claims. The sufficiency of plaintiff's complaint under the heightened requirements for pleading fraud can, and should, be evaluated based on the allegations contained within the four corners of plaintiff's amended complaint, without consideration of its attachments. Accordingly, if anything is moot, it is the exhibits attached to the amended complaint and to the response to defendant's motion to dismiss; defendant's motion to strike, on the other hand, is ripe for decision.

Even if the court had found it necessary to consider plaintiff's exhibits in ruling on defendant's motion to dismiss or for a more definite statement, the exhibits could not have been considered by the court in the form in which they were submitted. The exhibits were submitted in an expandable file folder, untabbed, and bound only by a rubber band. Thus filed, the exhibits do not comply with the formatting requirements of the Initial Order entered in this case on September 15, 2003,[11] and particularly Appendix II thereof.[12] The court cautioned plaintiff that any exhibits she wanted the court to consider would have to comply with the requirements of the Initial Order,[13] yet plaintiff did not attempt to refile any of her

---

[11]Doc. no. 2.

[12]The pertinent section of the Initial Order reads as follows: "[t]he Clerk *will not accept bound materials* for filing, but the court's copy of the evidentiary submission *must be securely bound* — in separately numbered volumes, if necessary — for ease of use, *and*, to prevent inadvertent loss of pages." *Id.,* Appendix II, at vi (emphasis in original).

[13]*See* doc. no. 7.

exhibits to conform them to the court's formatting requirements.

Because consideration of plaintiff's exhibits is not necessary to the ruling on defendant's motion to dismiss or for a more definite statement, and because plaintiff has failed to comply with the court's formatting requirements in submitting her exhibits, defendant's motion to strike is due to be granted.

## II. MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT OF COUNTS ONE, TWO AND THREE OF PLAINTIFF'S COMPLAINT

Defendant argues that counts one, two, and three of plaintiff's complaint should be dismissed, or that a more definite statement of those counts should be required, under the heightened requirements of Rule 9(b) of the Federal Rules of Civil Procedure for pleading fraud.[14] The court has already held that plaintiff's evidentiary submissions should be stricken from the record in this case. Accordingly, the exhibits will not be considered in the ruling on defendant's motion to dismiss. The motion will, instead, be considered in light of the allegations on the face of plaintiff's amended complaint.

### A.   Standard of Review

Rule 9(b) of the Federal Rules of Civil Procedure presents an exception to the general notice pleading standard governing pleading in federal courts. The rule reads as follows: "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). "The particularity rule serves an important

---

[14]Doc. no. 3. Counts One, Two, and Three all are stated in different terms; nonetheless, each of those three counts is based on the defendant's alleged fraudulent conduct. At the beginning of each count, plaintiff realleges and reincorporates all previous paragraphs of the entire complaint. Thus, the factual background set forth at the beginning of the complaint is pertinent to counts one, two, and three.

purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged' and protecting defendants 'against spurious charges of immoral and fraudulent behavior.'" *Ziemba v. Cascade International, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (quoting *Durham v. Business Management Associates*, 847 F.2d 1505, 1511 (11th Cir. 1988)). The Eleventh Circuit has cautioned, however, that the heightened requirements of Rule 9(b) should not be applied to "'abrogate the concept of notice pleading.'" *Id.* (quoting *Durham*, 847 F.2d at 1511). In light of the foregoing policies, a complaint satisfies the requirements of Rule 9(b) if it sets forth

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Id.* (citing *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997)). *See also Rogers v. Cisco Systems, Inc.*, 268 F. Supp. 2d 1305, 1310-11 (N.D. Fla. 2003) (applying the four-part test); *Bill Buck Chevrolet, Inc. v. GTE Florida, Inc.*, 54 F. Supp. 2d 1127, 1136 (M.D. Fla. 1999) (same).

**B.    Analysis**

Upon careful analysis of the allegations made on the face of plaintiff's amended complaint, the court concludes that plaintiff has met all the requirements for pleading fraud under Rule 9(b).

**1.    Statements made**

First, the amended complaint identifies "precisely what statements were made in what

documents or oral representations or what omissions were made." *Ziemba*, 256 F.3d at 1202 (citing *Brooks*, 116 F.3d at 1371). The complaint alleges that "Defendants represented to Plaintiff that for a set monthly premium, Defendant Unum would provide Plaintiff with a disability insurance policy that would pay her total disability benefits in the event she ever became unable to perform the important duties of her occupation while said disability policy was in-force."[15] The complaint does not state whether these statements were written or oral, but it is clear that the statements were made during the course of defendant's conversations with plaintiff when defendant approached plaintiff "about purchasing a long-term disability insurance policy."[16] With regard to omissions, the amended complaint clearly states that defendant

> fraudulently failed to disclose to Plaintiff that her treating physicians' determinations of disability would be disregarded; that a person's determination, other than a trained medical doctor's determination, would establish whether or not disability benefits would be paid; and Defendants also failed to disclose to Plaintiff Franklin that Defendants had an undisclosed corporate policy in place to postpone and deny claimants benefits regardless of medical evidence of total disability.[17]

This language clearly identifies what fraudulent statements and omissions defendants allegedly made, in satisfaction of the heightened pleading standard. *See Ziemba*, 256 F.3d at 1202.

2.   **Time, place, and responsible person**

Second, the amended complaint clearly identifies "the time and place of each such

---

[15]Doc. no. 9 (amended complaint) at ¶¶ 5, 16.
[16]*Id.* at ¶¶ 4, 15.
[17]*Id.* at ¶ 27.

-7-

statement and the person responsible for making (or, in the case of omissions, not making) same." *See Ziemba,* 256 F.3d at 1202. According to the complaint, "[o]n or about May 1, 1999, in Jackson County, Alabama, Plaintiff Franklin was approached by Defendants about purchasing a long-term disability insurance policy from Defendant Unum."[18] Plaintiff does not name the specific person who approached her about the disability policy, but she does identify the person as a representative of defendant.[19] That identification is sufficient to satisfy the Rule 9(b) standard. *See Chilton Water Authority v. Shell Oil Company,* No. CIV.A.98-T-1452-N, 1999 WL 1628000 at *5 (M.D. Ala. May 21, 1999) (holding that a complaint satisfied the heightened pleading requirement of Rule 9(b), even though it did not precisely describe the persons who made the alleged misrepresentations, because the complaint did imply that the misrepresentations were made by agents of the defendant through the defendant's marketing campaign).

### 3.  Misleading content of statements

Third, the amended complaint identifies "the content of such statements and the manner in which they misled plaintiff." *See Ziemba,* 256 F.3d at 1202. The content of defendant's statements and omissions is set forth above: defendant represented to plaintiff that, under her disability insurance policy, she would be paid benefits if she ever became unable to work, and defendant failed to disclose to plaintiff that she would be denied benefits regardless of her doctor's medical recommendation.[20] Plaintiff allegedly relied on these

---

[18] *Id.* at ¶¶ 4, 15.
[19] *Id.*
[20] *Id.* at ¶¶ 5, 16, 27.

statements because she "depended on Defendants to advise her as to insurance matters because of their superior knowledge and position."[21] Relying on the defendant's alleged misrepresentations and omissions, plaintiff purchased Policy No. 121814-002 from defendants and expected defendant to pay her the benefits under the policy when she was diagnosed by her treating physicians with conditions that would prevent her from continuing with her occupational duties.[22] Instead, defendant allegedly denied plaintiff's benefits, and plaintiff was allegedly harmed as follows:

> she paid premiums on a policy that was not as promised; she has not received the benefits due under the policy; she has lost the value of the premium payments; she has lost the interest off of said premiums; she does not have the policy that was bargained for; she has suffered mental anguish and emotional distress and will continue to do so; and she was otherwise injured and damaged.[23]

These allegations clearly set forth the content of defendant's alleged statements and the manner in which plaintiff relied on the statements, in satisfaction of the Rule 9(b) pleading requirement. *See Ziemba,* 256 F.3d at 1202.

### 4. Defendant's gain

Finally, the complaint identifies "what the defendants obtained as a consequence of the [alleged] fraud." *See Ziemba,* 256 F.3d at 1202. If the allegations in plaintiff's complaint are true, defendant received the premiums on plaintiff's disability insurance policy, without having to pay out the benefits due under the policy. Such a practice would greatly increase defendant's profits, which is clearly a gain to defendant because of the alleged fraud.

---

[21]*Id.* at ¶¶ 12, 23.
[22]*Id.* at ¶¶ 6-7, 17-18.
[23]*Id.* at ¶ 25.

## C. Conclusion

The allegations in plaintiff's complaint establish what allegedly fraudulent statements and omissions were made by defendant; the time, place and responsible person for the statements and omissions; the misleading content of the statements and omissions; and the defendant's gain as a result of the alleged fraud. *See Ziemba*, 256 F.3d at 1202. These allegations are sufficient to alert defendant to the misconduct with which it is charged and to protect defendant from a "spurious" charge of fraud. *See id.* (citing *Durham*, 847 F.2d at 1511). Accordingly, the heightened pleading requirement of Rule 9(b) of the Federal Rules of Civil Procedure is satisfied, and defendant's motion to dismiss or for a more definite statement is due to be denied.

### III. MOTION TO DISMISS COUNT FOUR OF PLAINTIFF'S COMPLAINT

Defendant also contends that count four of plaintiff's complaint, which purports to state a cause of action for negligent hiring, training, and supervision, should be dismissed for failure to state a claim upon which relief can be granted.[24] Plaintiff has not filed any response to this aspect of defendant's motion. Further, plaintiff's amended complaint did not make any changes or additions to count four. Despite plaintiff's failure to respond, the court feels an analysis of this aspect of defendant's motion is necessary.[25]

---

[24]*See* doc. no. 3 (motion to dismiss or for more definite statement) at 3.

[25]Plaintiff is reminded that the Initial Order, entered on September 15, 2003, requires a written response within ten (10) business days to motions filed under Rule 12 of the Federal Rules of Civil Procedure. *See* doc. no. 2 at 9. Defendant filed its motion on September 15, 2003. *See* doc. no. 3. Thus, a response was due on September 29, ten business days later. Plaintiff is further reminded of the Initial Order's warning that, "[i]n the event a non-moving party fails to file a written response to any of the foregoing motions within the time allowed for doing so, *the court will assume, without further notice, that the non-responding party has no opposition to the motion and rule accordingly.*" Doc. no. 2 at 9 (boldface and italicized emphasis in original). The requirements of the Initial Order should not be taken lightly. If the court had not been

### A. Standard of Review

No heightened pleading requirement exists for negligent hiring, training, or supervision actions; accordingly, the validity of plaintiff's complaint must be assessed under the usual notice pleading standard. In that regard, the Federal Rules of Civil Procedure require only that a complaint contain a "'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957) (quoting Fed. R. Civ. P. 8(a)(2)).[26] Consequently, a complaint should not be dismissed for failing to state a claim upon which relief can be granted, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355

---

convinced that this aspect of defendant's motion should evaluated on its merits, the court could have granted the motion on its face, based on the assumption that plaintiff had no opposition to the motion.

[26] With but few exceptions (fraud claims being one, *see* Fed. R. Civ. P. (9)(b)), there are only three requirements for pleading a claim in a federal action: "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . ., (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). "There are two other provisions of Rule 8 that are pertinent: 'Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading are required.' Fed. R. Civ. P. 8(e)(1); and 'All pleadings shall be so construed as to do substantial justice.' Fed. R. Civ. P. 8(f)." *Gorski v. New Hampshire Dept. of Corrections*, 290 F.3d 466, 473 n.5 (1st Cir. 2002).

As the Eleventh Circuit observed in *Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364 (11th Cir. 1997),

> [t]he purpose of a Rule 12(b)(6) motion is to test the facial sufficiency of the statement of [a plaintiff's] claim for relief. It is read alongside Fed.R.Civ.P. 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." The rule is not designed to strike inartistic pleadings or to provide a more definite statement to answer an apparent ambiguity, and the analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto. . . .

*Id.* at 1368-69 (citation omitted); *see also Conley v. Gibson*, 355 U.S. 41, 47-48, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.").

U.S. at 45-46, 78 S. Ct. at 102.[27] Even so, pleadings must be "something more than an ingenious academic exercise in the conceivable." *Marsh v. Butler County*, 268 F.3d 1014, 1037 (11th Cir. 2001) (en banc). Although notice pleading may not require that the pleader allege a "specific fact" to cover every element, or allege "with precision" each element of a claim, the Eleventh Circuit has explained that the complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001), *cert. denied*, 534 U.S. 1129, 122 S. Ct. 1067, 151 L. Ed. 2d 970 (2002).

Thus, the threshold requirements for a complaint to survive a Rule 12(b)(6) motion to dismiss are "exceedingly low." *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). Such motions accordingly are "viewed with disfavor and rarely granted." *Brooks*, 116 F.3d at 1369 (citing *Madison v. Purdy*, 410 F.2d 99, 100 (5th Cir. 1969), and *International Erectors, Inc. v. Wilhoit Steel Erectors & Rental Service*, 400 F.2d 465, 471 (5th Cir. 1968)). Even so,

---

[27] *See also, e.g., Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984) (holding that a complaint should be dismissed for failure to state a claim "only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations" of the plaintiff's complaint); *Marsh v. Butler County*, 268 F.3d 1014, 1022 (11th Cir. 2001) (en banc) (quoting *Conley*, 355 U.S. at 45-46, 78 S. Ct. at 102); *Magluta v. Samples*, 256 F.3d 1282, 1282 (11th Cir. 2001) (same) *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992) ("A complaint may not be dismissed unless the plaintiff can prove no set of facts which would entitle him to relief."); *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.) ("[T]he 'accepted rule' for appraising the sufficiency of a complaint is 'that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief.'") (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957)), *reh'g denied*, 840 F.2d 25, *cert. denied*, 486 U.S. 1055, 108 S. Ct. 2822, 100 L. Ed. 2d 923 (1988); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986) (same).

the complaint must state a cause of action sufficient to affirmatively show the plaintiff is entitled to relief, for

> [i]t is not enough, to indicate merely that the plaintiff has a grievance but sufficient detail must be given so that the defendant, and the Court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery.

*Fullman v. Graddick*, 739 F.2d 553, 556 (11th Cir. 1984) (quoting 2A J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 8.13, at 8-118 (2d ed. 1984)).

**B.    Analysis**

Defendant alleges, in a conclusory fashion, that plaintiff has "failed to allege sufficient facts to support a claim for negligent hiring, training, or supervision under Alabama law as neither Count Four of the complaint nor any previous paragraphs of the alleged factual recitations of the Complaint sufficiently state such a claim."[28] To state a claim for negligent hiring, training, or supervision under Alabama law, plaintiff must prove that the employee was incompetent or engaged in wrongful conduct, that the employer actually knew or should have known of the alleged incompetency or wrongful conduct, and that the defendant's negligence caused plaintiff's injury. *Voyager Insurance Companies v. Whitson*, No. 1000678, 2003 WL 21040594 at * 7-8 (Ala. Sup. Ct. May 9, 2003).

In count four of her complaint, plaintiff states that defendant "negligently hired, trained and supervised the agent or agent(s) whom [sic] made the aforementioned representations," and that, "[a]s a proximate consequence of the negligence, Plaintiff was injured and damaged . . . ."[29] The previous paragraphs of the complaint, incorporated into

---

[28] Doc. no. 3 (motion to dismiss or for a more definite statement) at 3.
[29] Doc. no. 9 (First Amended Complaint) at ¶¶ 33-34.

count four by reference, set forth the alleged underlying wrongful conduct of defendant's employee(s).[30] Count four itself states that the defendant's negligence caused plaintiff's injury.[31] Plaintiff does not specifically allege that defendant either knew or should have known of the misconduct of its employee(s), but such an allegation is implicit in its assertion that defendant was negligent in hiring, training, and supervising its employee(s). *See Roe,* 253 F.3d at 683 (stating that, although notice pleading does not require that the pleader allege a "specific fact" to cover every element, or allege "with precision" each element of a claim, the complaint must "contain either direct *or inferential* allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory") (emphasis supplied).

Without question, plaintiff has pushed the outer boundaries of notice pleading in fashioning count four of her complaint. Nonetheless, that count does provide a "'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *See Conley,* 355 U.S. at 47, 78 S. Ct. at 103, 2 L. Ed. 2d 80 (quoting Fed. R. Civ. P. 8(a)(2)). Viewing the facts in the light most favorable to plaintiff, as it must in this motion to dismiss stage, the court cannot hold that there is no set of facts upon which plaintiff may be entitled to relief for defendant's alleged negligent hiring, training, and supervision. *See Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59; *Conley,* 355 U.S. at 45-46, 78 S. Ct. at 102, 2 L.Ed. 2d 80.

---

[30]The employees' alleged underlying misconduct consists of the same acts and omissions made the basis of plaintiff's fraud claims.

[31]*Id.* at ¶ 34.

Accordingly, defendant's motion to dismiss count four of plaintiff's complaint is due to be denied.

## IV. CONCLUSION

Because consideration of plaintiff's exhibits is not necessary to the ruling on defendant's motion to dismiss or for a more definite statement, and because plaintiff has failed to comply with the court's formatting requirements in submitting her exhibits, defendant's motion to strike is due to be granted. Because the allegations of counts one, two, and three of plaintiff's complaint satisfy the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure, defendant's motion to dismiss, or for a more definite statement of those counts is due to be denied. Because the allegations of count four of plaintiff's complaint satisfy the liberal notice pleading standard which generally governs pleading in federal court, defendant's motion to dismiss that count is also due to be denied. An appropriate order will be entered contemporaneously herewith.

DONE this 31st day of October, 2003.

_____
United States District Judge